*Hargis & Norrell, for appellant.   Ross & Kennedy, for appellee.*

---

### HENRY LIEBER, ET AL., *v.* HENRY COOPER.

**Sale of Real Estate—Lien for Purchase Money—Notice.**
    A lien for purchase money of real estate may be provided for in the deed and when such a deed is recorded a purchaser is bound to take notice of the lien.

### APPEAL FROM MEADE CIRCUIT COURT.

#### October 25, 1876.

OPINION BY JUDGE COFER:

A lien is expressly retained in the deed from Jenkins to Mrs. Wright to secure the payment of the purchase money, and unless the notes held by the appellee as assignee of Jenkins have been paid, of which there is now no evidence in the record, he has a lien on the land enforceable against Brandenburg, even though he be a purchaser for value without actual notice. He was bound to take notice of the lien reserved in the deed.

But we are of the opinion that the appellee has no lien on the land to secure the notes on King assigned to him by Wright. Mrs. Wright and her husband had conveyed the land to Brandenburg & Lieber, and of course she could not assert a lien against her vendees, and the appellee can be in no better attitude in this respect than she would be in were she suing on the notes. Whatever claim the appellee has as to those notes he derived from her and her husband, and any defense against her is good against him. Having sold and conveyed the land to Brandenburg & Lieber, she could not have a claim against King for the purchase money he agreed to pay her, and could not reach the land through him.

The appellee has a judgment in personam against King, but that judgment does not bind Brandenburg & Lieber, nor their vendee, Brandenburg, nor give a lien on the land. Nor can the appellee reach the land as the property of King under his proceeding on the return of no property. King had no property in the land at the institution of this suit. The sale to him was void, and the subsequent sale and conveyance to Brandenburg & Lieber divested Mrs. Wright of title and left her assignee without any claim whatever upon the land, even though Brandenburg & Lieber may have had notice of the sale to King, for, that sale being void, Mrs. Wright's assignee would not have a lien enforcible even against her. She could not incumber her land in that way.

Judgment *reversed,* and cause remanded with directions to render judgment for the appellee to sell so much of the land as will pay the balance due on the notes held by him as assignee of Jenkins, and to dismiss the residue of the petition.

*Lewis & Fairleigh, Edwards & Seyman, for appellants.*
*A. T. Rankin, for appellee.*